IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES A. MITCHELL,<br><br>        Plaintiff,<br><br>   v.<br><br>JOHN CLOSE, et al.,<br><br>        Defendants. | Case No.: 1:11-cv-00731-AWI-JLT<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

Charles A. Mitchell ("Plaintiff") is proceeding *pro se* and *in forma pauperis* in this civil rights action against the following Physicians at North Kern State Prison ("NKSP"): John Close, J.C. Elliot, and Ashrof Yousef (collectively, "Defendants") pursuant to 42 U.S.C. § 1983. (Doc. 1 at 1-3.) Plaintiff filed his Complaint on May 6, 2011 (*Id*. at 1) and it is now before the Court for screening.

**I.  Screening Requirement**

Because Plaintiff is seeking redress from governmental employees in a civil action, the Court is required to screen his complaint in order to identify cognizable claims. 28 U.S.C. § 1915A(a)-(b). The Court shall "dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary

relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## II. Pleading Standards

"Pro se documents are to be liberally construed" and "'must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). "[They] can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id*.

Under Federal Rule of Civil Procedure 8(a), "[a] pleading that states a claim for relief must contain: (1) a short and plaint statement of the grounds for the court's jurisdiction, . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). Each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1). While a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (internal quotation marks and citations omitted).

In analyzing a pleading, the Court should set conclusory factual allegations aside, accept all non-conclusory factual allegations as true, and determine whether those non-conclusory factual allegations accepted as true state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 1949 (internal quotation marks and citation omitted). In determining plausibility, the Court is permitted "to draw on its judicial experience and common sense." *Id*. at 1950.

## III. Plaintiff's Factual Allegations

Plaintiff alleges the California Department of Corrections and Rehabilitation's ("CDCR") Medical Bureau determined that inmates entering the prison system from county jails, who have been diagnosed with a chronic illness that is susceptible to Valley Fever, will not be processed through the Central Valley Reception Centers, but will instead be diverted to Donovan State Prison for reception

purposes. (Doc. 1 at 4.) According to Plaintiff, the CDCR issued a memo to all counties, reception authorities, and institutions in June of 2007 outlining this new policy to be followed between the months of June and November, when the Valley Fever epidemic is active. (*Id.*)

Plaintiff alleges he was transferred from the Los Angeles County Sheriff's Department to the California Department of Corrections and Rehabilitation-North Kern State Prison on May 17, 2009. (*Id.*) Plaintiff asserts he is under doctor's care for a chronic illness, specifically HIV, which he claims is susceptible to Valley Fever. (*Id.*) Plaintiff was not diverted to Donovan State Prison, but was rather sent directly to the Valley Fever active zone at NKSP. (*Id.* at 5.) Plaintiff alleges he began experiencing severe congestion and breathing consistent with Valley Fever symptoms. (*Id.*) His condition worsened and required emergency hospitalization at Mercy Hospital of Bakersfield from June 1, 2010, until June 14, 2010. (*Id.*) At that point, he was returned to NKSP, right back into the Valley Fever active zone. (*Id.*) He alleges his condition worsened again, resulting in fever, chills, night sweats, and weight loss. (*Id.*) He had to be hospitalized once more from June 18, 2010, to June 20, 2010. (*Id.*) Following hospitalization, he was again returned to the Valley Fever active zone at NKSP. (*Id.* at 6.) He alleges his condition became deadly at that point, as he began suffering from congestion, breathing problems, weight loss, retraction of T-cells, fever, chills, disorientation, severe chest and stomach pain and discomfort, night sweats, and an inability to stand or walk without assistance. (*Id.*) He was rushed to the hospital once more and seen by a specialist who called the prison officials and medical staff demanding they immediately transfer Plaintiff out of the Valley Fever active zone. (*Id.*)

Plaintiff maintains that on July 26, 2010, he was immediately removed from the Valley Fever active zone at NKSP and transferred to California State Prison-Los Angeles. (*Id.* at 6-7.) Plaintiff alleges that, although his condition stabilized and he regained his health, he became mentally anguished and began treatment with mental health officials and medication. (*Id.* at 7.) Plaintiff alleges he "continues to have fears and nightmares over being subjected to a near death experience as he believed he was destined to die without proper and adequate treatment and care by prison officials." (*Id.*) He asserts he "continues to breakdown with fears and anxiety over his near death

experiences." (*Id*.) According to Plaintiff, he is still disillusioned by the experience and relies on medication and therapy to alleviate his mental anguish. (*Id*.)

**IV. Discussion and Analysis**

Although Plaintiff fails to allege the deprivation of a specific constitutional right, his overall Complaint seems to be based on claims of Eighth Amendment violations due to inadequate medical care. (*Id*. at 4-7.)

    **A.  42 U.S.C. § 1983 Claims**

Title 42, § 1983 of the United States Code provides a cause of action against

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . .

42 U.S.C. § 1983. "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citing *Carey v. Piphus*, 435 U.S. 247, 254-57 (1978)). It does not provide any substantive rights, but rather "authorizes a cause of action based on the deprivation of civil rights guaranteed by other Acts of Congress." *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979).

A plaintiff stating a claim under § 1983 must allege facts showing he was deprived of a federal right by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Daniels v. Williams,* 474 U.S. 327, 330-31 (1986); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). For a defendant to be liable under § 1983, a plaintiff must prove there is an affirmative link between the alleged deprivation and the resulting injury. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). An affirmative link exists when a defendant "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

///

///

### 1. Failure to Link Defendants to Alleged Constitutional Violation

Title 42, § 1983 of the United States Code requires that there be an actual causal link between the actions of the named defendants and the alleged constitutional deprivation. *See Monell v. Dep't of Soc. Services*, 436 U.S. 658, 691-92 (1978); *Rizzo*, 423 U.S. at 370-71; *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980). In order to state a § 1983 claim, a plaintiff must allege facts showing each named defendant either exhibited some sort of "direct personal participation in the deprivation" or "set[] in motion a series of acts by others which the actor [knew] or reasonably should [have known] would cause others to inflict the constitutional injury." *Johnson*, 588 F. 2d at 743-44. The complaint must specifically allege how each named defendant is liable for the claimed deprivation.

In this case, Plaintiff names Close, Elliot, and Yousef as defendants (Doc. 1 at 1); however, Plaintiff fails to even mention their names within the body of the Complaint, let alone attribute specific constitutional violations to them. Consequently, Plaintiff has failed to state a cognizable claim against any of the defendants.

### B. Eighth Amendment Protections

The Eighth Amendment provides a prohibition against the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The government has an obligation to provide those they incarcerate with adequate medical care and will be subject to liability for failure to do so. *Estelle*, 429 U.S. at 102. "Although accidental or inadvertent failure to provide adequate medical care to a prisoner [does] not violate the Eighth Amendment, 'deliberate indifference to serious medical needs of prisoners'" does, because it constitutes "the unnecessary and wanton infliction of pain contrary to contemporary standards of decency." *Helling v. McKinney*, 509 U.S. 25, 31-32 (1993) (quoting *Estelle*, 429 U.S. at 104); *see also Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) ("While poor medical treatment will at a certain point rise to the level of constitutional violation, mere malpractice, or even gross negligence, does not suffice."). In order to establish an Eighth Amendment violation, a plaintiff must first "objectively show that he was deprived of something sufficiently serious[]" and then subjectively show "the deprivation occurred with deliberate indifference to the inmate's health or safety." *Foster v. Runnels*, 554 F.3d 807, 812 (9th Cir. 2009)

(internal quotation marks and citations omitted); *see also Lopez v. Smith*, 203 F.3d 1122, 1132-33 (9th Cir. 2000) (Eighth Amendment claim must meet both objective and subjective requirement).

Plaintiff alleges the CDCR's Medical Bureau issued a policy that "inmates entering the prison system from county jails who are under Plaintiff's chronic illness category will not be processed through the Central Valley Reception Centers," but will instead be "diverted to Donovan State Prison for reception purposes." (Doc. 1 at 4.) He then argues he was not diverted to Donovan State Prison and was returned to NKSP after each of three emergency hospital visits. (*Id*. at 5-6.) According to Plaintiff's requested relief, his claims seem to be based on inadequate medical care, (*Id*. at 8); however, Plaintiff's complaint alleges nothing more than an improper transfer. Transportation officials are responsible for prison transfers, not doctors. Notably, Plaintiff fails to allege that aa any time he was diagnosed with Valley Fever, any testing occurred to determine whether he had ever contracted Valley Fever or, in fact, whether any doctor opined that the mere placement at NKSP caused a flare up in his medical condition. Consequently, Plaintiff has failed to state a cognizable Eight Amendment claim against any of the defendants.

## V.  Conclusion and Order

Based on the foregoing, the Court finds Plaintiff failed to state a claim for relief under § 1983. Specifically, Plaintiff failed to adequately link each of the named defendants to a specific constitutional violation and doctors are not responsible for improper prison transfers.

The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified in this order. *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff's amended complaint should be <u>brief</u>, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Iqbal*, 129 S. Ct. at 1948-49; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 127 S. Ct. at 1965 (citations omitted).

Plaintiff is advised that an amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). In addition, an amended complaint must be "complete in itself without reference to the prior

or superseded pleading." Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567, (citing *London v. Coopers & Lybrand*, 644 F2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

Accordingly, it is **HEREBY ORDERED** that:

Plaintiff's Complaint is **DISMISSED**, with leave to amend;

The Clerk's Office shall send Plaintiff a civil rights complaint form;

1. Within **30 days** from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the Court in this order.

<u>If Plaintiff fails to comply with this order, the action will be dismissed for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated:   **July 6, 2011**                                        /s/ Jennifer L. Thurston
                                                                          UNITED STATES MAGISTRATE JUDGE