IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES A. MITCHELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOHN CLOSE, et al.,<br><br>　　　　　Defendants.<br>_____ | Case No.: 1:11-cv-00731-AWI-JLT<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |

On August 9, 2011, within the body of his first amended complaint, Plaintiff reported to the Court that he was unable to proceed in this action without a lawyer because he in now knowledgeable in the process of prosecuting a lawsuit and requests a lawyer be appointed to represent him. (Doc. 9 at 5)

Plaintiff is advised that he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and that the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the

[plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotations and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well-versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. And, based on a review of the record in this case, the Court does not find that Plaintiff is unable to adequately articulate his claims.

Accordingly, for all the reasons set forth above, Plaintiff's motion for the appointment of counsel (Doc. 9) is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **December 2, 2011**                                     **/s/ Jennifer L. Thurston**
                                                                              UNITED STATES MAGISTRATE JUDGE