IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES A. MITCHELL,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>JOHN CLOSE, et al.,<br><br>　　　　　　Defendants.<br>_____ | Case No.: 1:11-cv-00731-AWI-JLT<br><br>FINDINGS AND RECOMMENDATION THAT THE FIRST AMENDED COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND<br><br>(Doc. 9) |

Charles A. Mitchell ("Plaintiff") is proceeding *pro se* and *in forma pauperis* in this civil rights action against the following Physicians at North Kern State Prison ("NKSP"): John Close, J.C. Elliot, and Ashrof Yousef (collectively, "Defendants") pursuant to 42 U.S.C. § 1983. (Doc. 1 at 1-3.) On July 8, 2011, the Court screened Plaintiff's original complaint and determined that it did not state a cause of action. (Doc. 7) As a result, it dismissed the complaint with leave to amend.

Plaintiff filed his First Amended Complaint on August 9, 2011 and it is now before the Court for screening. (Doc. 9) For the reasons set forth below, the Court recommends that the matter be **DISMISSED**.

**I.  Screening Requirement**

Because Plaintiff is seeking redress from governmental employees in a civil action, the Court is required to screen his complaint in order to identify cognizable claims. 28 U.S.C. § 1915A(a)-(b). The Court shall "dismiss the complaint, or any portion of the complaint, if the complaint (1) is

frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## II.  Pleading Standards

"Pro se documents are to be liberally construed" and "'must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).  "[They] can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id*.

Under Federal Rule of Civil Procedure 8(a), "[a] pleading that states a claim for relief must contain: (1) a short and plaint statement of the grounds for the court's jurisdiction, . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a).  Each allegation must be simple, concise, and direct.  Fed. R. Civ. P. 8(d)(1).  While a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (internal quotation marks and citations omitted).

In analyzing a pleading, the Court should set conclusory factual allegations aside, accept all non-conclusory factual allegations as true, and determine whether those non-conclusory factual allegations accepted as true state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 1949 (internal quotation marks and citation omitted).  In determining plausibility, the Court is permitted "to draw on its judicial experience and common sense." *Id*. at 1950.

## III.  Plaintiff's Factual Allegations

Plaintiff's factual allegations in his First Amended Complaint are sparse.[1] He asserts that he "became ill at Delano State Prison." (Doc. 9 at 3.) Plaintiff seems to allege that he was returned or placed at Delano State Prison after having been hospitalized for Valley Fever at two hospitals. Id. He seems to claim that the defendants have some role either in his becoming ill or in his not becoming well. Id.

**IV.  Discussion and Analysis**

Once again, though Plaintiff fails to allege the deprivation of a specific constitutional right, his overall Complaint seems to be based on claims of Eighth Amendment violations due to inadequate medical care. (Doc. 9 at 3.)

**A.  42 U.S.C. § 1983 Claims**

Title 42, § 1983 of the United States Code provides a cause of action against

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . .

42 U.S.C. § 1983. "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citing *Carey v. Piphus*, 435 U.S. 247, 254-57 (1978)). It does not provide any substantive rights, but rather "authorizes a cause of action based on the deprivation of civil rights guaranteed by other Acts of Congress." *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979).

A plaintiff stating a claim under § 1983 must allege facts showing he was deprived of a federal right by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Daniels v. Williams,* 474 U.S. 327, 330-31 (1986); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). For a defendant to be liable under § 1983, a plaintiff must prove there is an affirmative link between the alleged deprivation and the resulting injury. *See Rizzo v. Goode*, 423

---

[1] Plaintiff attaches his original complaint along with the exhibits thereto. However, the Court warned Plaintiff that "an amended complaint must be 'complete in itself without reference to the prior or superseded pleading.'" Local Rule 220. Moreover, given that the original complaint did not state a claim, it is of no use to Plaintiff in his current efforts.

U.S. 362, 371-72, 377 (1976).  An affirmative link exists when a defendant "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

### 1.  Failure to Link Defendants to Alleged Constitutional Violation

Title 42, § 1983 of the United States Code requires that there be an actual causal link between the actions of the named defendants and the alleged constitutional deprivation.  *See Monell v. Dep't of Soc. Services*, 436 U.S. 658, 691-92 (1978); *Rizzo*, 423 U.S. at 370-71; *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980).  In order to state a § 1983 claim, a plaintiff must allege facts showing each named defendant either exhibited some sort of "direct personal participation in the deprivation" or "set[] in motion a series of acts by others which the actor [knew] or reasonably should [have known] would cause others to inflict the constitutional injury." *Johnson*, 588 F. 2d at 743-44.  The complaint must specifically allege how each named defendant is liable for the claimed deprivation.

In his First Amended Complaint, Plaintiff continues to fail to describe any wrongful action taken by any of the named doctors.  (Doc. 9 at 3)  Indeed, he seems to have a general belief that one or more of the defendants did something wrong but no idea what it was or, if he does, continues to fail to explain what that wrong is. Therefore, once again, Plaintiff has failed to state a cognizable claim against any of the defendants.

### V.  Conclusion and Order

Based on the foregoing, the Court finds Plaintiff has continued to fail to state a claim for relief under § 1983.  Specifically, Plaintiff failed to adequately link each of the named defendants to a specific constitutional violation and doctors are not responsible for improper prison transfers.

Plaintiff will not be afforded further leave to amend.  In its previous screening order, the Court explained to Plaintiff the deficiencies in his pleadings.  The Court explained to Plaintiff that his Eighth Amendment claims failed because there were insufficient facts demonstrating that he must allege facts demonstrating that the defendants violated his constitutional rights. (Doc 7 at 5, 6.)  In addition, the Court warned Plaintiff that his "amended complaint should be brief, Fed. R. Civ. P. 8(a), **but must state what each named defendant did that led to the deprivation of Plaintiff's**

4

**constitutional or other federal rights**." Id. at 6.  Moreover, the Court warned, "If Plaintiff fails to comply with this order, the action will be dismissed for failure to obey a court order." Id. at 7.  Despite this, Plaintiff has failed to amend his pleading in any meaningful way and, indeed, eliminated most every factual allegation.

Accordingly, the Court will dismiss Plaintiff's amended complaint without leave to amend and will dismiss this action with prejudice.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992) (dismissal with prejudice upheld where the court had instructed plaintiff on the deficiencies of his pleadings in its prior order dismissing complaint with leave to amend).

**IV.     FINDINGS AND RECOMMENDATION**

In accordance with the above, it is **HEREBY RECOMMENDED** that:

1. This action be **DISMISSED** for Plaintiff's failure to state a cognizable claim; and
2. The Clerk of the Court be directed to close this case.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen days after being served with these Findings and Recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 2, 2011**                                        /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE